**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Commercial Credit Group Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>ABS Oilfield Supply Incorporated, et al.,<br><br>Defendants. | No. CV-25-01027-PHX-MTL<br><br>**ORDER** |

Before the Court is a Motion and Application to Withdraw as Counsel without Client Consent. (Doc. 27.) Therein, Attorneys Grant Frazier, Dustin Romney, Brennan Bowen, and Frazier Law PLLC seek the Court's leave to withdraw as counsel for Defendants ABS Oilfield Supply, Inc.; James Colin Real Crowshaw; Linda Danielle Thoresen; Patriot Equipment Supply, Inc.; Transpat Solutions LLC; and FlipQuick, Inc. (*Id.*)[*]

A motion without client consent must be supported by "justifiable cause." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the

---

[*] The Court is aware of Defendants' representation that James Colin Real Crowshaw has not been served in this action (Doc. 21 at 2 n.1) and notes that no affidavit of service as to Mr. Crowshaw has been filed on the docket. The Court takes no action at this time since Plaintiff is within the ninety-day window to serve Mr. Crowshaw. Fed. R. Civ. P. 4(m).

harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Gagan v. Monroe*, No. CIV 99-1427-PHX-RCB, 2013 WL 1339935, at *4 (D. Ariz. Apr. 1, 2013) (citation omitted).

While intentionally ambiguous to preserve confidentiality, the motion explains that withdrawal is sought due to ethical considerations listed in Arizona Ethics Rule 1.16(b)(4)-(7). The rule provides that a lawyer may withdraw if:

> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Ariz. R. Sup. Ct. 42, ER 1.16. Under the circumstances, the Court accepts Counsel's ethical concerns in continued representation as a sufficient explanation for seeking withdrawal.

The Court also finds that withdrawal will not unfairly prejudice the other litigants, harm the administration of justice, or greatly delay resolution of this action. The Court has not yet entered a Rule 16 scheduling order, and the parties have yet to enter discovery.

For these reasons, the Court concludes that the motion is supported by justifiable cause and conforms with the requirements of LRCiv 83.3(b). Granting the motion, however, means these Defendants are without representation. Four of these Defendants are either corporate entities or limited liability companies, and it is a longstanding rule that business entities such as these may only appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.")

(internal citations omitted); *see also G&G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2019 WL 1858115, at *1 (D. Ariz. Apr. 25, 2019).

As such, the Court will stay all deadlines in this case for sixty (60) days to give these Defendants the time and opportunity to retain substitute counsel. If no Notice of Appearance is filed on or before the expiration of the stay, the Court will grant the motion to withdraw. The Court cautions the business entity Defendants that if they fail to timely retain substitute counsel, their answer may be stricken and they may be at risk of default. *McNally v. Commonwealth Fin. Sys., Inc.*, No. 12-CV-2770-IEG (MDD), 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013).

Accordingly,

**IT IS ORDERED** staying proceedings and all deadlines in this case until **Tuesday, August 12, 2025**.

**IT IS FURTHER ORDERED** that on or before **Wednesday, August 13, 2025**, Defendants ABS Oilfield Supply, Inc.; Patriot Equipment Supply, Inc.; Transpat Solutions LLC; and FlipQuick, Inc. must retain substitute counsel who must file a Notice of Appearance with this Court. If no Notice of Appearance is filed, the Court will strike the business entity Defendants' answer, and they will be at risk of default.

**IT IS FURTHER ORDERED** that on or before **Wednesday, August 13, 2025**, Defendants Linda Danielle Thoresen and James Colin Real Crowshaw must either: (1) retain substitute counsel who must file a Notice of Appearance with this Court; or (2) file a notice with the Court that they will be proceeding *pro se*.

**IT IS FINALLY ORDERED** directing the Withdrawing Attorneys to email a copy of this Order to the relevant Defendants and file a certificate of compliance with this Court no later than **Wednesday, June 18, 2025**.

Dated this 13th day of June, 2025.

Michael T. Liburdi
United States District Judge